# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20 B 16936 |
| RAMON M. SANTIAGO ) | Chapter 13 |
| ) | |
| Debtor(s) ) | Judge A. Benjamin Goldgar |

## NOTICE OF MOTION

To: SEE ATTACHED SERVICE LIST

**PLEASE TAKE NOTICE** that on **September 17, 2021** at **9:30 am** I will appear before the Honorable Judge A. Benjamin Goldgar or any judge who may be sitting in his place, and present the motion of Village Station Homeowner's Area Association, Inc. for Relief from the Automatic Stay, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, (1) use this link: https://www.zoomgov.com/. (2) Enter the meeting ID 160 817 7512. (3) Enter the passcode 623389.

**To appear by telephone**, (1) call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. (2) Enter the meeting ID 160 817 7512. (3) Enter passcode 623389.

**When prompted identify yourself by stating your full name.**

**To reach Judge Goldgar's web page** go to www.ilnb.uscourts.gov and click on the tab for Judges.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may call the matter regardless.

VILLAGE STATION HOMEOWNER'S AREA
ASSOCIATION, INC.

/s/ Ronald J. Kapustka
By: Ronald J. Kapustka, Esq.
Kovitz Shifrin Nesbit, 175 North Archer Ave., Mundelein, IL 60060
Tel. (847) 537-0500 / Fax (847) 537-0550
rkapustka@ksnlaw.com; ndaily@ksnlaw.com
ARDC No. 6203095 / KSN FILE (CVIL002-61102)

NOTE: Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

iManage\CVIL002\61102\4941014.v1-9/7/21

# CERTIFICATE OF SERVICE

The undersigned, and attorney, hereby certifies that I have served a copy of the foregoing Notice and Motion for Relief from the Automatic Stay to be served upon the parties listed below, as to the Trustee and the Debtor's attorney via electronic notice on September 7, 2021 and as to the Debtor by causing same to be mailed in a property addressed envelope, postage pre-paid, before the hour of 5:00 pm on September 7, 2021.

# SERVICE LIST

David M Siegel, Esq., Attorney for Debtor, David M. Siegel & Associates, 790 Chaddick Drive, Wheeling, IL 60090 *- by electronic notice through ECF*

Ramon M. Santiago, 1635 Station Park Drive, Grayslake, IL 60030

Glenn B Stearns, Chapter 13 Trustee, 801 Warrenville Road Suite 650, Lisle, IL 60532 *- by electronic notice through ECF*

       /s/ Ronald Kapustka
       Attorney for Movant

Ronald J. Kapustka
Kovitz Shifrin Nesbit
175 North Archer Ave., Mundelein, IL 60060
Tel. (847) 537-0500 / Fax (847) 537-0550
rkapustka@ksnlaw.com; ndaily@ksnlaw.com
ARDC No. 6203095
KSN FILE (CVIL002-61102)

NOTE: Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.
iManage\CVIL002\61102\4941014.v1-9/7/21

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20 B 16936 |
| RAMON M. SANTIAGO ) | Chapter 13 |
| ) | |
| Debtor(s) ) | Judge A. Benjamin Goldgar |

## MOTION OF VILLAGE STATION HOMEOWNER'S AREA ASSOCIATION, INC. FOR RELIEF FROM THE AUTOMATIC STAY

VILLAGE STATION HOMEOWNER'S AREA ASSOCIATION, INC., a secured creditor, by and through its attorneys, by Ronald J. Kapustka, moves this Court pursuant to 11 U.S.C. Sec. 362, to modify the automatic stay heretofore entered in this cause, and in support states as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. §1334 and the general orders of the Northern District of Illinois.

2. Venue is fixed in this Court pursuant to 28 U.S.C. §1409.

3. This matter constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G).

4. On or about September 11, 2020, Ramon M. Santiago filed his Petition under Chapter 13 of the United States Bankruptcy Code.

5. Creditor and Movant, Village Station Homeowner's Area Association, Inc. ("Association") is incorporated under the laws of the State of Illinois as a non-for-profit corporation and is charged with the authority to administer the subject premises pursuant to the Declaration for the Association (hereinafter referred to as "Declaration"), duly recorded with the office of the Recorder of Deeds.

---

NOTE: Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.
iManage\CVIL002\61102\4941014.v1-9/7/21

6. Debtor(s) are the legal owners of the property commonly known as 1635 Station Park Drive, Grayslake, Illinois which is subject to the terms and conditions of the Declaration.

7. The Declaration gives the Association the right to collect assessments from owners such as the Debtors herein and to maintain eviction actions and to recover attorneys' fees and costs from owners who fail to stay current on their assessments. Unpaid assessments are a lien on the property pursuant to the terms of the Declaration.

8. The Debtor(s) have defaulted with respect to their obligations pursuant to the terms of the Declaration and that they have failed to pay assessments and common expenses as required pursuant to the terms of the Declaration. As of the date hereof, there is due and owing to the Association a pre-petition amount in the sum of $2,052.20 (Minus any payments made by the Trustee) and a post-petition amount in the sum of $2,827.38 in assessments, fees, and costs through September 7, 2021as evidenced by the Statement of Default filed herewith.

9. That enforcement of this security interest has been stayed automatically by operation of 11 U.S.C.§362 of the Bankruptcy Code upon Debtor(s) filing the instant case.

10. As a result of the above, the Association lacks adequate protection of its interest in the subject property for the reason that the Debtor has not made timely monthly assessments payments due under the Declaration as required.

11. Upon information and belief, the Debtor continues to enjoy the benefits of the common elements and services provided by the Association without making any contribution to the common expenses arising therefrom.

12. If the Association is not legally permitted to proceed with its eviction complaint and to protect its interest in the above-described property and to collect assessments post-petition; as well as to file its lien on the property, it will suffer irreparable injury, loss and damage, as will the other unit owners in the Association.

NOTE: Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.
iManage\CVIL002\61102\4941014.v1-9/7/21

13. This property is not necessary for an effective reorganization nor is it necessary to the bankruptcy estate.

14. Pursuant to Debtor(s) Bankruptcy Schedules A & D, there is no equity in the property as the current market value is $185,000.00 and the amount of secured claims is $190,470.00;

15. This Court has authority to order that Rule 4001(a)(3) is not applicable to the order entered in granting this motion, and creditor requests this Court so order.

**WHEREFORE**, Village Station Homeowner's Area Association, Inc. prays that upon final hearing of this Motion, the Stay pursuant to 11 U.S.C. Sec. 362 be modified so as to permit the Association to proceed and file its eviction action and/or to enforce its Order for Possession previously granted in its eviction action, and to file its lien on the property, and to proceed against the Debtors to collect pre and post-petition assessments, and that Village Station Homeowner's Area Association, Inc. have such other and further relief as this Court deems just and equitable.

VILLAGE STATION HOMEOWNER'S AREA ASSOCIATION, INC.

By: /s/ Ronald J. Kapustka
Ronald J. Kapustka

Ronald J. Kapustka
Kovitz Shifrin Nesbit
175 North Archer Ave., Mundelein, IL 60060
Tel. (847) 537-0500 / Fax (847) 537-0550
rkapustka@ksnlaw.com; ndaily@ksnlaw.com
ARDC No. 6203095
KSN FILE (CVIL002-61102)

NOTE: Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.
iManage\CVIL002\61102\4941014.v1-9/7/21